**VERIFIED RULE 27(a) PETITION**

United States District Court
Southern District of Texas
FILED

NOV – 3 2025

*(With Sealed Exhibit R — FOIA/PIA Verified Archive)*

Nathan Ochsner
Clerk of Court

B - 25 - 250

**I. Purpose**

Petitioner seeks narrowly tailored preservation and limited discovery orders under **Fed. R. Civ. P. 27(a)** to prevent spoliation of physical and electronic evidence arising from the **June 18–20, 2025** Massey-site explosion near Boca Chica, Texas.

Relief also preserves records concerning contemporaneous acquisition and use of federal electromagnetic-spectrum licenses by Respondent under **Fed. R. Civ. P. 37(e)**.

**Scope & Limits Disclaimer.** Petitioner seeks preservation only, not merits discovery or adjudication. Relief is limited to (i) identification and hold of enumerated repositories and physical samples; (ii) suspension of routine deletion/rotation; and (iii) chain-of-custody logging. No production is required absent further order. This Petition does not ask the Court to decide spectrum licensing, environmental liability, or agency policy; it preserves the status quo so those questions may be addressed in the appropriate proceedings. **Fed. R. Civ. P. 27(a)**. **Fed. R. Civ. P. 37(e)**. **47 U.S.C. § 309(e)**. **44 U.S.C. § 3101**.

**II. Jurisdiction and Venue**

This Court has federal-question jurisdiction under **28 U.S.C. § 1331**.

Venue is proper because a substantial part of the events and records occurred in this Division under **28 U.S.C. § 1391(b)(2)**.

2

Ancillary enforcement authority exists under **28 U.S.C. § 1651**.

## III. Standing

Petitioner is a lifelong resident of Harlingen, Cameron County, Texas, directly affected by the June 2025 incident. **5 U.S.C. § 2302(b)(8)**.

He appears as an ADA-qualified public-interest representative. **42 U.S.C. § 12132**.

He directs a 501(c)(3) nonprofit dependent on access to environmental data and communications records. **26 U.S.C. § 501(c)(3)**.

Withholding, alteration, or destruction of responsive records causes concrete informational injury. **FEC v. Akins, 524 U.S. 11 (1998)**.

Ongoing deprivation of environmental information impairs participation rights. **Friends of the Earth v. Laidlaw, 528 U.S. 167 (2000)**.

Agencies must make and preserve records and report unlawful destruction to the Archivist. **44 U.S.C. §§ 3101, 3106**.

Federally funded entities must provide equal access and accommodations absent a written undue-burden finding. **29 U.S.C. § 794**.

No written undue-burden finding exists for Petitioner's requests. **28 C.F.R. § 35.164**.

The site drains to an impaired waterbody on the § 303(d) list. **33 U.S.C. § 1313(d)**.

Citizen-suit enforcement remains available for monitoring and reporting duties. **33 U.S.C. § 1365**.

Citizen-suit enforcement likewise exists for air emissions monitoring if implicated. **42 U.S.C. § 7604**.

Petitioner descends from titleholders to Porciones 83 and 103 protected by treaty. **Treaty of Guadalupe Hidalgo, Arts. VIII–IX (1848)**.

Treaty-based titles persist by supremacy. **United States v. Percheman, 32 U.S. (7 Pet.) 51 (1833)**.

Deletion or alteration of native file metadata is prohibited for identifying information. **17 U.S.C. § 1202(b)**.

False designation and deception in origin are actionable in commerce. **15 U.S.C. § 1125(a)**.

Certified public records are self-authenticating upon preservation. **Fed. R. Evid. 902(4)**.

## IV. Factual Background — Environmental Harm

A combustion event occurred at the Massey Launch Complex on **June 20, 2025** within Cameron County, Texas. **Fed. R. Evid. 201**.

TCEQ Region 15 responded to a PIA request that it held "no responsive records" of post-incident sampling. **Tex. Gov't Code § 552.228**.

That response admits the absence of records for the timeframe. **TCEQ v. Abbott, 311 S.W.3d 663 (Tex. App. 2010)**.

4

The drainage discharges into the Arroyo Colorado, listed as impaired. **33 U.S.C. § 1313(d)**.

Federal oversight attaches to downstream impacts to receiving waters. **Arkansas v. Oklahoma, 503 U.S. 91 (1992)**.

Physical samples face short disposal cycles without a legal hold. **44 U.S.C. § 3101**.

Laboratory bench sheets and calibrations purge post-COA absent hold. **44 U.S.C. § 3101**.

Digital telemetry and UAV imagery auto-overwrite within weeks. **Fed. R. Civ. P. 37(e)**.

911 audio and EMS CAD logs are transient public records. **44 U.S.C. § 3301**.

Texas local retention duties apply to county dispatch records. **Tex. Loc. Gov't Code § 201.003**.

**V. Parallel Harm — Spectrum Control and Data Governance**

In **September 2025**, Respondent acquired AWS-4 and H-Block licenses from EchoStar. **47 U.S.C. § 301**.

These bands support Starlink operations colocated with the Boca Chica–Massey corridor. **47 U.S.C. § 301**.

Launch and signal operations share custodians, servers, and environmental telemetry; preservation authority extends to these records. **Fed. R. Civ. P. 37(e)**.

Courts may protect agency-scale communications from deletion before review. **Landmark Legal Found. v. EPA, 272 F. Supp. 2d 59 (D.D.C. 2003)**.

Public participation attaches to license processes requiring notice and hearing. **47 U.S.C. § 309(e).**

Loss of logs would impair later NEPA and APA review. **5 U.S.C. § 706.**

Deletion is foreseeable given routine retention schedules. **Fed. R. Civ. P. 37(e).**

Knowingly destroying federal records risks criminal exposure. **18 U.S.C. § 1519.**

## VI. Legal Framework

Spectrum is a public-trust resource subject to licensing. **47 U.S.C. § 301.**

Hearing procedures safeguard public participation in spectrum allocation. **47 U.S.C. § 309(e).**

Connected actions require integrated NEPA review. **40 C.F.R. § 1508.1(g)(3).**

EPA consultation rights attach to federal actions. **42 U.S.C. § 7609.**

Agencies must preserve adequate documentation. **44 U.S.C. § 3101.**

## VII. Additional Authorities and Structural Justifications

Orders may bind nonparties who benefit from relief. **Fed. R. Civ. P. 71.**

Court may tailor procedure absent a controlling rule. **Fed. R. Civ. P. 83(b).**

Agencies must standardize information collection and maintenance. **44 U.S.C. § 3506(d).**

Constructive trust can preserve remediation funds pre-liability. **Meadows v. Bierschwale, 516 S.W.2d 125 (Tex. 1974)**.

Court possesses inherent power to prevent spoliation. **Chambers v. NASCO, 501 U.S. 32 (1991)**.

Archivist notification is mandatory when records are at risk. **44 U.S.C. § 3106**.

## VIII. Witnesses and Topics

Facility Manager — incident response and cleanup. **Fed. R. Civ. P. 27(a)(1)**.

EHS Director — sampling plans and subcontractors. **Fed. R. Civ. P. 27(a)(1)**.

Government Liaison — agency communications and spectrum licensing. **Fed. R. Civ. P. 27(a)(1)**.

IT Custodian — cloud repositories and data retention. **Fed. R. Civ. P. 27(a)(1)**.

## IX. Preservation Scope (Schedule A Summary)

FAA Office of Commercial Space Transportation records. **49 U.S.C. § 44701**.

NOAA remote-sensing and plume datasets. **15 U.S.C. § 313**.

Starlink telemetry, gateways, and network logs. **47 U.S.C. § 301**.

FCC IBFS/ULS application and licensing metadata. **47 U.S.C. § 154(i)**.

USACE hydrologic and dredge records for the Channel-to-Harlingen. **33 U.S.C. § 540**.

Local 911 and EMS communications. **Tex. Loc. Gov't Code § 201.003**.

All collections preserved without production pending further order. **Fed. R. Civ. P. 26(d)**.

## X. Rule 27(a)(2) Notice, Necessity, and Adverse Parties

Petitioner expects to file an action for statutory and equitable relief arising from the June 2025 incident. **Fed. R. Civ. P. 27(a)(1)(A)**.

Known adverse parties include Space Exploration Technologies Corp. and affiliated custodians. **Fed. R. Civ. P. 27(a)(2)**.

Testimony and ESI risk loss before suit can be filed due to routine purges and short physical-sample windows. **Fed. R. Civ. P. 27(a)(3)**.

Petitioner seeks a hearing on preservation and perpetuation and stands ready to present witnesses. **Fed. R. Civ. P. 27(a)(2)**.

## XI. Prayer for Relief

Grant an **Emergency Preservation Order.** Fed. R. Civ. P. 27(a).

Accept and seal **Exhibit R.** S.D. Tex. L.R. CV-5.2.

Set an **expedited hearing** within 48 hours. Fed. R. Civ. P. 65(b)(3).

**Waive bond.** Fed. R. Civ. P. 65(c).

Authorize **U.S. Marshal Service** notice and delivery. 28 U.S.C. § 1915(d).

Retain **jurisdiction** for preservation oversight. 28 U.S.C. § 1651.

---

## Scope and Safe Harbors

**1. Preservation-Only.** This Order requires preservation and logging; it does **not** compel production. Fed. R. Civ. P. 26(d).

**2. Primary-Jurisdiction Respect.** Nothing herein adjudicates FCC licensing, NEPA analyses, or agency policies; it maintains the record for those forums. 47 U.S.C. § 309(e).

**3. Sensitive Materials.** Any custodian asserting national-security, ITAR/EAR, or trade-secret sensitivity shall preserve and submit an *in camera* index and proposed handling protocol; disclosure remains sealed pending further order. Fed. R. Civ. P. 26(c).

**4. Burden Minimization.** Preservation is limited to repositories listed in Schedule A, June 18 – July 31 2025, and standard retention snapshots; routine operations may continue if they do not delete or overwrite covered data. Fed. R. Civ. P. 26(b)(1).

**5. Impossibility & Cure.** Any custodian unable to comply shall give written notice within five (5) days identifying the barrier and proposed cure; good-faith notice constitutes a safe harbor against sanctions pending further direction. Fed. R. Civ. P. 37(e).

**6. Nonparty Application.** This Order binds nonparties on notice only to preserve within their possession, custody, or control. Fed. R. Civ. P. 71.

**Respectfully submitted,**

/s/ **Joseph Anthony Reyna (JOECAT®)**

5900 Balcones Dr #16077, Austin, TX 78731

whitehat@joecattt.com · (956) 202-5580

Pro Se Petitioner — Dated: **October 23, 2025**

## Verification

I declare under penalty of perjury that the foregoing is true and correct.

Executed **October 23, 2025** — Austin, Texas.

/s/ **Joseph Anthony Reyna (JOECAT®)**

_____

## Certificate of Service

I certify that on **October 23, 2025**, the **U.S. Marshal Service** was directed to serve the Verified Petition, motions, and proposed orders on:

**Space Exploration Technologies Corp.**

c/o Corporation Service Company (d/b/a CSC – Lawyers Incorporated)

211 E. 7th Street, Suite 620

Austin, Texas 78701

Service will be carried out **by the U.S. Marshal Service** at government expense once the Court grants in forma pauperis status.

/s/ **Joseph Anthony Reyna (JOECAT®)**

October 23, 2025 · Austin, Texas

_____

This case is not about policy — it is about **preservation**.

The same corridor that launches rockets now launches data.

If the evidence disappears, no later court can reconstruct the causal chain.

**Rule 27 exists for precisely this contingency.**

---

## EXHIBIT A — BENCH MEMO

**Case:** In re Petition of Joseph Anthony Reyna (JOECAT®), individually and on behalf of Dreams Over Dollars Foundation (501(c)(3))

**Court:** United States District Court, Southern District of Texas — Brownsville Division

**Relief Sought:** Rule 27(a) Preservation Order for Environmental and Communications Evidence (Massey Launch Complex Incident)

---

**Purpose:** Prevent loss of physical samples, laboratory bench sheets, 911/EMS recordings, and digital telemetry created between **June 18–20, 2025** at the Massey Launch Complex near Boca Chica, Texas.

**Scope:** Preservation only — no production. Time-boxed to **June 18 – July 31, 2025**. Repositories enumerated in Schedule A.

**Jurisdiction & Venue:** 28 U.S.C. § 1331; venue proper in Brownsville Division (§ 1391(b)(2)).

**Standing:** Informational and environmental injury within Cameron County; ADA/Rehabilitation Act access; treaty continuity for Porciones 83 & 103.

**Immediate Relief Requested:**

☑ Emergency Preservation Order (no production)

☑ Seal of Exhibit R (FOIA/PIA Archive; hash recorded on intake)

☑ Expedited hearing within 48 hours

1

☑ Leave to proceed in forma pauperis and U.S. Marshal Service for service

☑ Appointment of Special Master or Technical Monitor

☑ Judicial notice of public records and agency notification (FCC OIG, CEQ, USACE)

**Built-In Guardrails:**

• Primary-jurisdiction respect (FCC & NEPA merits untouched).

• Sensitive materials handled *in camera*.

• Safe harbor for impossibility on prompt notice.

• Non-parties bound only to preserve within their control.

**Next Page:** Proposed Short-Form Order.

---

**EXHIBIT B — SHORT-FORM EMERGENCY PRESERVATION ORDER (Proposed)**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS — BROWNSVILLE DIVISION**

---

**Before the Court** is Petitioner's Verified Rule 27(a) Petition. The Court finds imminent risk of loss of physical samples, laboratory materials, emergency communications recordings, and digital telemetry relating to the June 18–20, 2025 incident at the Massey Launch Complex.

**ORDER**

1. **Preservation Only.** Respondent and identified custodians must preserve and not alter, delete, overwrite, rotate, dispose of, or decommission any materials described in **Schedule A** for the period **June 18 – July 31, 2025**. No production is required absent further order.

2. **Scope.** Preservation covers:

    (a) physical samples and chain-of-custody documents;

    (b) laboratory bench sheets, calibrations, and subcontractor reports;

    (c) digital telemetry and UAV imagery/logs;

    (d) 911 and EMS dispatch audio and CAD exports; and

    (e) spectrum/licensing and network logs listed in Schedule A.

3

**FILED UNDER LIMITED SEAL**

*(Only Exhibit R and specific FOIA references sealed pursuant to S.D. Tex. L.R. CV-5.2 and Fed. R. Civ. P. 26(c).*

*All other filings remain public to satisfy the presumption of access under Nixon v. Warner Communications, 435 U.S. 589 (1978).)*

---

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS — BROWNSVILLE DIVISION**

**In re Petition of**

**JOSEPH ANTHONY REYNA (JOECAT®),**

individually and on behalf of *Dreams Over Dollars Foundation (501(c)(3))*

**Petitioner,**

for an Order under Fed. R. Civ. P. 27(a) to Perpetuate Testimony and Preserve Evidence Relating to

(1) Environmental and Communications Harm at the Massey Launch Complex and

(2) Associated Spectrum Control and Data Governance by Space Exploration Technologies Corp. ("SPACEX").

Civil Action No. _____

1

**VERIFIED RULE 27(a) PETITION**

*(With Sealed Exhibit R — FOIA/PIA Verified Archive)*

---

## I. Purpose

Petitioner seeks narrowly tailored preservation and limited discovery orders under **Fed. R. Civ. P. 27(a)** to prevent spoliation of physical and electronic evidence arising from the **June 18–20, 2025** Massey-site explosion near Boca Chica, Texas.

Relief also preserves records concerning contemporaneous acquisition and use of federal electromagnetic-spectrum licenses by Respondent under **Fed. R. Civ. P. 37(e)**.

**Scope & Limits Disclaimer.** Petitioner seeks preservation only, not merits discovery or adjudication. Relief is limited to (i) identification and hold of enumerated repositories and physical samples; (ii) suspension of routine deletion/rotation; and (iii) chain-of-custody logging. No production is required absent further order. This Petition does not ask the Court to decide spectrum licensing, environmental liability, or agency policy; it preserves the status quo so those questions may be addressed in the appropriate proceedings. **Fed. R. Civ. P. 27(a). Fed. R. Civ. P. 37(e). 47 U.S.C. § 309(e). 44 U.S.C. § 3101.**

## II. Jurisdiction and Venue

This Court has federal-question jurisdiction under **28 U.S.C. § 1331.**

Venue is proper because a substantial part of the events and records occurred in this Division under **28 U.S.C. § 1391(b)(2).**

Ancillary enforcement authority exists under **28 U.S.C. § 1651**.

## III. Standing

Petitioner is a lifelong resident of Harlingen, Cameron County, Texas, directly affected by the June 2025 incident. **5 U.S.C. § 2302(b)(8)**.

He appears as an ADA-qualified public-interest representative. **42 U.S.C. § 12132**.

He directs a 501(c)(3) nonprofit dependent on access to environmental data and communications records. **26 U.S.C. § 501(c)(3)**.

Withholding, alteration, or destruction of responsive records causes concrete informational injury. **FEC v. Akins, 524 U.S. 11 (1998)**.

Ongoing deprivation of environmental information impairs participation rights. **Friends of the Earth v. Laidlaw, 528 U.S. 167 (2000)**.

Agencies must make and preserve records and report unlawful destruction to the Archivist. **44 U.S.C. §§ 3101, 3106**.

Federally funded entities must provide equal access and accommodations absent a written undue-burden finding. **29 U.S.C. § 794**.

No written undue-burden finding exists for Petitioner's requests. **28 C.F.R. § 35.164**.

The site drains to an impaired waterbody on the § 303(d) list. **33 U.S.C. § 1313(d)**.

Citizen-suit enforcement remains available for monitoring and reporting duties. **33 U.S.C. § 1365**.

Citizen-suit enforcement likewise exists for air emissions monitoring if implicated. **42 U.S.C. § 7604**.

Petitioner descends from titleholders to Porciones 83 and 103 protected by treaty. **Treaty of Guadalupe Hidalgo, Arts. VIII–IX (1848)**.

Treaty-based titles persist by supremacy. **United States v. Percheman, 32 U.S. (7 Pet.) 51 (1833)**.

Deletion or alteration of native file metadata is prohibited for identifying information. **17 U.S.C. § 1202(b)**.

False designation and deception in origin are actionable in commerce. **15 U.S.C. § 1125(a)**.

Certified public records are self-authenticating upon preservation. **Fed. R. Evid. 902(4)**.

## IV. Factual Background — Environmental Harm

A combustion event occurred at the Massey Launch Complex on **June 20, 2025** within Cameron County, Texas. **Fed. R. Evid. 201**.

TCEQ Region 15 responded to a PIA request that it held "no responsive records" of post-incident sampling. **Tex. Gov't Code § 552.228**.

That response admits the absence of records for the timeframe. **TCEQ v. Abbott, 311 S.W.3d 663 (Tex. App. 2010)**.

4

The drainage discharges into the Arroyo Colorado, listed as impaired. **33 U.S.C. § 1313(d)**.

Federal oversight attaches to downstream impacts to receiving waters. **Arkansas v. Oklahoma, 503 U.S. 91 (1992)**.

Physical samples face short disposal cycles without a legal hold. **44 U.S.C. § 3101**.

Laboratory bench sheets and calibrations purge post-COA absent hold. **44 U.S.C. § 3101**.

Digital telemetry and UAV imagery auto-overwrite within weeks. **Fed. R. Civ. P. 37(e)**.

911 audio and EMS CAD logs are transient public records. **44 U.S.C. § 3301**.

Texas local retention duties apply to county dispatch records. **Tex. Loc. Gov't Code § 201.003**.

**V. Parallel Harm — Spectrum Control and Data Governance**

In **September 2025**, Respondent acquired AWS-4 and H-Block licenses from EchoStar. **47 U.S.C. § 301**.

These bands support Starlink operations colocated with the Boca Chica–Massey corridor. **47 U.S.C. § 301**.

Launch and signal operations share custodians, servers, and environmental telemetry; preservation authority extends to these records. **Fed. R. Civ. P. 37(e)**.

Courts may protect agency-scale communications from deletion before review. **Landmark Legal Found. v. EPA, 272 F. Supp. 2d 59 (D.D.C. 2003)**.

5

Public participation attaches to license processes requiring notice and hearing. **47 U.S.C. § 309(e)**.

Loss of logs would impair later NEPA and APA review. **5 U.S.C. § 706**.

Deletion is foreseeable given routine retention schedules. **Fed. R. Civ. P. 37(e)**.

Knowingly destroying federal records risks criminal exposure. **18 U.S.C. § 1519**.

## VI. Legal Framework

Spectrum is a public-trust resource subject to licensing. **47 U.S.C. § 301**.

Hearing procedures safeguard public participation in spectrum allocation. **47 U.S.C. § 309(e)**.

Connected actions require integrated NEPA review. **40 C.F.R. § 1508.1(g)(3)**.

EPA consultation rights attach to federal actions. **42 U.S.C. § 7609**.

Agencies must preserve adequate documentation. **44 U.S.C. § 3101**.

## VII. Additional Authorities and Structural Justifications

Orders may bind nonparties who benefit from relief. **Fed. R. Civ. P. 71**.

Court may tailor procedure absent a controlling rule. **Fed. R. Civ. P. 83(b)**.

Agencies must standardize information collection and maintenance. **44 U.S.C. § 3506(d)**.

Constructive trust can preserve remediation funds pre-liability. **Meadows v. Bierschwale, 516 S.W.2d 125 (Tex. 1974).**

Court possesses inherent power to prevent spoliation. **Chambers v. NASCO, 501 U.S. 32 (1991).**

Archivist notification is mandatory when records are at risk. **44 U.S.C. § 3106.**

## VIII. Witnesses and Topics

Facility Manager — incident response and cleanup. **Fed. R. Civ. P. 27(a)(1).**

EHS Director — sampling plans and subcontractors. **Fed. R. Civ. P. 27(a)(1).**

Government Liaison — agency communications and spectrum licensing. **Fed. R. Civ. P. 27(a)(1).**

IT Custodian — cloud repositories and data retention. **Fed. R. Civ. P. 27(a)(1).**

## IX. Preservation Scope (Schedule A Summary)

FAA Office of Commercial Space Transportation records. **49 U.S.C. § 44701.**

NOAA remote-sensing and plume datasets. **15 U.S.C. § 313.**

Starlink telemetry, gateways, and network logs. **47 U.S.C. § 301.**

FCC IBFS/ULS application and licensing metadata. **47 U.S.C. § 154(i).**

USACE hydrologic and dredge records for the Channel-to-Harlingen. **33 U.S.C. § 540.**

Local 911 and EMS communications. **Tex. Loc. Gov't Code § 201.003**.

All collections preserved without production pending further order. **Fed. R. Civ. P. 26(d)**.

## X. Rule 27(a)(2) Notice, Necessity, and Adverse Parties

Petitioner expects to file an action for statutory and equitable relief arising from the June 2025 incident. **Fed. R. Civ. P. 27(a)(1)(A)**.

Known adverse parties include Space Exploration Technologies Corp. and affiliated custodians. **Fed. R. Civ. P. 27(a)(2)**.

Testimony and ESI risk loss before suit can be filed due to routine purges and short physical-sample windows. **Fed. R. Civ. P. 27(a)(3)**.

Petitioner seeks a hearing on preservation and perpetuation and stands ready to present witnesses. **Fed. R. Civ. P. 27(a)(2)**.

## XI. Prayer for Relief

Grant an **Emergency Preservation Order.** Fed. R. Civ. P. 27(a).

Accept and seal **Exhibit R.** S.D. Tex. L.R. CV-5.2.

Set an **expedited hearing** within 48 hours. Fed. R. Civ. P. 65(b)(3).

**Waive bond.** Fed. R. Civ. P. 65(c).

Authorize **U.S. Marshal Service** notice and delivery. 28 U.S.C. § 1915(d).

Retain **jurisdiction** for preservation oversight. 28 U.S.C. § 1651.

## Scope and Safe Harbors

**1. Preservation-Only.** This Order requires preservation and logging; it does **not** compel production. Fed. R. Civ. P. 26(d).

**2. Primary-Jurisdiction Respect.** Nothing herein adjudicates FCC licensing, NEPA analyses, or agency policies; it maintains the record for those forums. 47 U.S.C. § 309(e).

**3. Sensitive Materials.** Any custodian asserting national-security, ITAR/EAR, or trade-secret sensitivity shall preserve and submit an *in camera* index and proposed handling protocol; disclosure remains sealed pending further order. Fed. R. Civ. P. 26(c).

**4. Burden Minimization.** Preservation is limited to repositories listed in Schedule A, June 18 – July 31 2025, and standard retention snapshots; routine operations may continue if they do not delete or overwrite covered data. Fed. R. Civ. P. 26(b)(1).

**5. Impossibility & Cure.** Any custodian unable to comply shall give written notice within five (5) days identifying the barrier and proposed cure; good-faith notice constitutes a safe harbor against sanctions pending further direction. Fed. R. Civ. P. 37(e).

**6. Nonparty Application.** This Order binds nonparties on notice only to preserve within their possession, custody, or control. Fed. R. Civ. P. 71.

**Respectfully submitted,**

/s/ **Joseph Anthony Reyna (JOECAT®)**

5900 Balcones Dr #16077, Austin, TX 78731

9

whitehat@joecattt.com · (956) 202-5580

Pro Se Petitioner — Dated: **October 23, 2025**



## Verification

I declare under penalty of perjury that the foregoing is true and correct.

Executed **October 23, 2025** — Austin, Texas.

/s/ **Joseph Anthony Reyna (JOECAT®)**

---

## Certificate of Service

I certify that on **October 23, 2025**, the **U.S. Marshal Service** was directed to serve the Verified

Petition, motions, and proposed orders on:

**Space Exploration Technologies Corp.**

c/o Corporation Service Company (d/b/a CSC – Lawyers Incorporated)

211 E. 7th Street, Suite 620

Austin, Texas 78701

Service will be carried out **by the U.S. Marshal Service** at government expense once the Court

grants in forma pauperis status.



/s/ **Joseph Anthony Reyna (JOECAT®)**

October 23, 2025 · Austin, Texas

---

This case is not about policy — it is about **preservation**.

The same corridor that launches rockets now launches data.

If the evidence disappears, no later court can reconstruct the causal chain.

**Rule 27 exists for precisely this contingency.**

---

# CIVIL COVER SHEET

B-25-250

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Joseph A. Reyna (JOECAT®), pro se,
on behalf of Dreams Over Dollars Foundation (501(c)(3))

## DEFENDANTS

Space Exploration Technologies Corp. (" SpaceX ")

**(b)** County of Residence of First Listed Plaintiff  Travis County, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Cameron County, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Joseph Reyna (JOECAT®), 5900 Balcones Dr #16077,
Austin TX 78731, (956) 202-5580, whitehat@joecattt.com

Attorneys *(If Known)*

Unknown at filing — to be served through registered agent
CSC (Lawyers Inc.), Austin TX

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fed. R. Civ. P. 27(a); 44 U.S.C. § 3101 et seq.

Brief description of cause:
Petition to preserve evidence and public records from the June 2025 Massey explosion.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  Preservation Relief

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE  10/23/25

SIGNATURE OF ATTORNEY OF RECORD
/s/ Joseph A. Reyna (JOECAT®) Pro se Petitioner

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Dreams Over Dollars
5900 Balcones Dr. #16077
Austin, Texas 78731

MAIL
United States District Court
Southern District of Texas

RECEIVED

NOV - 3 2025

Nathan Ochsner, Clerk of Court

U.S. District Court | Pro Se Intake
Southern District of Texas — Brownsville Division
600 East Harrison Street, Suite 101
Brownsville, TX 78520



**Retail**

RDC 99

78520

**$4.14**

S2324H500550-08

U.S. POSTAGE PAID
FCM LG ENV
BUDA, TX 78610
OCT 27, 2025


